Mr. Justice DAVIS
 

 delivered the opinion of the.court.
 

 The answer of the respondent must, in the state of the pleadings, be taken as true, so far as its statement of facts is concerned, and, therefore, presents a complete defence against the demand of the writ.
 

 It seems very clear, if no warrant were ever issued, and the condition of the law on the subject at the present time does not authorize the secretary to issue one, that the prayer of the petition cannot be granted. If it be eoncedéd, as is argued by the counsel for the petitioner, that the decision of the accounting officers was conclusive upon the secretary, and that be should have paid the money, if applied to in proper season, still the fact exists that he was not asked to pay the money until the time limited in the law for the appropriation to take effect had expired. It will not do to say that the proceedings by the acting secretary vested a right in the State, •which could not be defeated by the refusal of the secretary to approve the prepared warrant, because the validity of this proceeding depended entirely on the future action of the secretary. By the very terms of the agreement the warrant was to be retained in the office, subject to the approval or rejection by the secretary on his return to Washington. If the acting secretary had the power, in the absence of his principal, to sign and deliver the warrant—a
 
 *530
 
 point on which we express no opinion—he did not choose to exercise it, hut preferred in a matter of such consequence to leave the ultimate decision of the question to the secretary himself. Nothing fairer than the arrangement which was made could have been expected of a subordinate officer, anxious to preserve the rights of all the parties concerned, but unwilling to take the responsibility of paying so large a claim during the temporary absence of the head of.the. department, and nothing better for the interest of the State could have been looked for under the circumstances. As the appropriation was not available after the 30th of June, the papers were arranged to save it, if the secretary should on his return approve the warrant, and order it to be issued. On the contrary, if the transaction did not meet with, his approbation the warrant- was to be cancelled and held for nought. In this state of case, it is quite clear, that the warrant could have no effect without the secretary’s approval, and as he decided adversely so soon as his attention was called to the subject, it follows, as a necessary consequence, that this warrant, if it had any life before, ceased to have it after this decision was made, and that the allegation in the petition, that the warrant was wrongfully withheld from the relator, is not sustained.
 

 It is insisted, however, that the court should now order the Secretary of the Treasury to deliver to the relator another warrant in place of the one thus cancelled.
 

 This proposition would present an important question, if there wrere money in the Treasury appropriated to pay this claim, but as Congress has seen fit to withdraw the appropriation for refunding to States expenses incurred in raising volunteers during the late rebellion, it is difficult to see on what ground it can be based. If it be conceded that the State had a right, on the 30th of June, 1871, to demand of the Secretary of the Treasury, in person, payment of the amount due her under the terms of the act of July 27th, 1861, and that the claim was in such a condition of settlement that he had no power to revise it, still it is manifest that he was justified in refusing compliance with a demand
 
 *531
 
 made after that day. Congress, on the 12th of July, 1870, repealed the law on which this claim is founded. It cannot be supposed that this legislation was directed against the ultimate payment of the promised indemnity, for the repealing act did not go into operation until the 1st of July, 1871. For nearly a year, therefore, the appropriation was continued, and the constituted authorities of the States, were told to hasten their action if they wished to avail themselves of the benefits of the law. It was easy for them to see that if by delay, or from any other cause, they suffered the appropriation to expire without getting a settlement of their claims, that additional legislation would be necessary to furnish them relief, for the effect of the repealing law after the limitation expired, was not only to take the subject out of the control of the secretary, but to place it within the control of Congress.
 

 These views dispose of this case. It is proper to observe, in conclusion, that many important questions are presented in the pleadings, and were argued at the bar, on which we have purposely refrained from expressing an opinion, and which are open for consideration in any future case that may arise, where they are applicable.
 

 Demurrer overruled aud a peremptory writ of mandamus
 

 Denied.