CASE 57—MANDAMUS BY FINLEY SHUCK AGAINST H M. BOSWORTH, STATE TREASURER, TO REQUIRE HIM TO PAY PLAINTIFF FOR CLERICAL SERVICES IN THE AUDITOR'S OFFICE OF PUBLIC ACCOUNTS.—JUNE 9.

# Bosworth, State Treasurer v. Shuck.

APPEAL FROM FRANKLIN CIRCUIT COURT—JAMES E. CANTRELL, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

SERVICES FOR STATE—JUDGMENT—ISSUANCE OF WARRANT—PAYMENT BY TREASURER.

Under Ky. St., 1903, secs. 138, 139, 4001a, subsec. 4, fixing the allowance to the State auditor for clerk hire in his office, and section 4688, providing that no money shall be paid out of the State treasury, except on the warrant of the auditor, and then only by check of the State treasurer on a designated depository, and no check shall be given unless the law under which the money is claimed expressly directed its payment, the treasurer can not be compelled by mandamus to pay a warrant in favor of a claimant for clerical services rendered the auditor, issued by the auditor pursuant to a judgment in favor of the claimant, when the appropriation for clerical services in the auditor's office had been previously exhausted.

N. B. HAYS, FOR APPELLANT.

B. G. WILLIAMS, FOR APPELLEE.
    (No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 30th of July, 1903, the appellee, Finley Shuck, filed his petition in the Franklin circuit court against Gus. G. Coulter, Auditor of Public Accounts of the State of Kentucky, in which he alleged that he had rendered clerical services as chief of the claims department in the auditor's office from the 1st of March, 1900, until the 1st of March, 1903, under the following written agreement: "I hereby

appoint the Hon. Finley Shuck, of Lebanon, Marion county, to the position in the auditor's office known as chief in claims department at a salary of $2,400.00 per annum. The salary of this place is to commence March 1, 1900. February 28, 1900. Gus. G. Coulter, auditor," that the aggregate salary due him therefore was $7,200; that he had received at different times amounts aggregating $5,325, leaving due to him, $1,875—and prayed that a writ of mandamus should issue, requiring the defendant to issue a warrant on the treasurer to him for the alleged balance. The defendant answered that the obligation sued on was executed without consideration, and that it was not intended by the parties that the plaintiff should file the position of chief of the claims department, or draw the salary stipulated for, except at the pleasure of the auditor, and that he did pay to the plaintiff $2,400 a year until about January 1, 1901; that after that date he was unable to continue to pay the plaintiff this sum out of the appropriations allowed to the auditor to pay for clerical assistance, and at the same time keep a competent clerical force to conduct the business of the office of auditor, and that this fact was well known to the plaintiff and that he was paid a reasonable compensation for his services, which was accepted by him; that there was no fund in his hands or in the State treasury out of which the plaintiff's claim could be paid; the appropriation had been exhausted in the payment for necessary clerical assistance— and asked that the plaintiff's petition be dismissed. The plaintiff, in his reply, denied the affirmative allegations of the answer, and alleged that $16,200 had been appropriated by the General Assembly to pay for clerical assistance in the auditor's office for each year, and that, if this fund had been applied by the defendant to the payment of the clerical force in his office alone, there would have been more

than sufficient to have paid his claim, but that the defendant
had unlawfully diverted $3,000 per annum of the amount
appropriated for clerical assistance in the auditor's office
for the payment of salaries to persons employed in the land
office, and that there was a sufficient balance of funds ap-
propriated for the clerical force in the auditor's office to
pay the balance due to him; that by law only $1,200 was ap-
propriated to the payment of assistance in the land office.
The affirmative averments of the reply were denied by re-
joinder, and the defendant further alleged that the office of
Register of the Land Office had been abolished, and that
by the act of March 11, 1898 (Acts 1898, p. 41, c. 11), the
duties imposed on the Register of the Land Office were trans-
ferred to, and made a part of the duties of, the office of
auditor. On the 3d day of October, 1903, an agreed judgment
was entered in this action, directing the auditor to draw
his warrant on the State treasurer in favor of the plaintiff
for $1,500. On the 25th of January, 1904, the appellee,
Shuck, brought this action against the appellant, H. M.
Bosworth, as treasurer of the State of Kentucky, for a
mandamus requiring him to pay the $1,500 warrant which
had in the meantime been issued pursuant to the judgment
in the former action. The defendant answered that the
appropriation made by the General Assembly for clerk hire
and clerical assistance in the auditor's office for each
of the years covered by plaintiff's term of service had been
exhausted by Coulter before the issuance of the warrant
sued for; that in fact he had overdrawn the gross appro-
priations for this purpose for these years, $2,142.82, before
the warrant sued on was issued by the auditor, and that
no appropriation had been made by law for the payment
thereof; and that there was no fund in the treasury avail-
able for its payment—and asked that the petition be dis-

missed. Plaintiff, in his reply to the answer of Bosworth as treasurer, pleaded the judgment in the suit of Shuck against Coulter as an estoppel to the defense relied on by Bosworth. The case being submitted on the pleadings, it was adjudged that the defendant, as treasurer of the State of Kentucky, should pay the amount of the warrant, and the defendant has appealed.

The only question for decision is whether the appellant, as treasurer, can be required by mandamus to pay the warrant of appellee for clerical services rendered the auditor after the appropriation for that purpose had been exhausted in the payment of previous warrants for similar services. By sections 138 and 139, and subsection 4 of section 4001a, of the Kentucky Statutes of 1903, the Auditor of Public Accounts is allowed $17,400 to enable him to employ and pay such clerks as he may deem necessary for the proper discharge of the business of his office, including the duties formerly performed by the Register of the Land Office. The selection of the clerical force necessary for the proper conduct of the business of the auditor's office, and the fixing or apportioning of their respective salaries, is left to the sound discretion of the auditor, but the aggregate of such salaries can not lawfully exceed the amount appropriated therefor by the General Assembly. By section 144 of the General Statutes of 1903, he is required to keep an account between the Commonwealth and her civil officers, to whom salary or wages are payable out of the treasury. Section 4688 provided "that no money shall be paid out of the treasury except upon the warrant of the auditor drawn upon the treasurer, and then only by check of the treasurer upon a designated depository; and that no such check shall be given by the treasurer, even though the auditor issues a warrant therefor, unless the law under which the money

may be claimed expressly directed and ordered that it shall be paid out of the public treasury."

It is not necessary for us to determine in this action what may be the ultimate liability of the State under the agreed judgment in Shuck against Coulter, auditor. All that was decided in that case was that appellee had a valid claim for $1,500 for clerical services rendered the auditor, and that warrant should issue therefor. When payment of the warrant so adjudged is demanded of the treasurer, he responds that the specific appropriation for the liquidation of claims for clerical services in the auditor's office had been exhausted previous to the issual of appellee's warrant, and that there were no funds in the treasury out of which such warrant could be lawfully paid by him. Ordinarily, when the law recognizes the validity of a claim against the State, it is payable out of any funds in the treasury not otherwise appropriated, but a wholly different rule prevails where a claim against the State is payable only out of a specific appropriation, which has been exhausted. When this state of case is shown to exist, courts can not by mandate require the auditor to issue a warrant for the claim, or the treasurer to pay it. See Throop's Public Officers, sections 823, 824; Weston v. Dane, 51 Me., 461; Kentucky v. Boutwell, 13 Wall., 526, 20 L. Ed., 631; United States v. Bayard, 127 U. S., 251, 8 Sup Ct., 1156, 32 L. Ed., 159; Page v. Supervisors, 85 Cal., 50, 24 Pac., 607; People v. Hyde Park, 117 Ill., 462, 6 N. E., 33.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.