Case 72.—MANDAMUS BY FINLEY SHUCK TO COMPEL GUS
    G. COULTER, STATE AUDITOR, TO DRAW A WARRANT
    IN HIS FAVOR FOR SERVICES AS CLERK IN THE AU-
    DITOR'S OFFICE.—May 25.

## Hager, Auditor v. Shuck.

Appeal from Franklin Circuit Court.

JAMES E. CANTRILL, Circuit Judge.

From a judgment in favor of plaintiff, S. W. Hager,
successor to Gus G. Coulter, appeals. Reversed.

Officers—Salary—Mandamus—Contract—Agreement Not to Sue—
    Public Policy—Auditor—Authority—Limitation—Notice—State
    Liability—Appropriation—Discretion of Auditor—Compromis-
    ing Claim—Agreed Judgment—Constitutionality.

1. Contract—Agreement Not to Sue—Public Policy—A stipulation
    in a contract that neither party may resort to the courts is
    void, as tending to oppression and being contrary to public
    policy.
2. Auditor—Authority—Limitation Therein—Notice—The auditor
    of public acounts is a public agent of the State, whose duties
    and powers are limited by the law. All persons dealing with
    him in his official capacity are conclusively presumed to take

Hager, Auditor v. Shuck.

notice of this limitation. Wherein he may exceed his author-
ity his act is void in so far as it attempts to bind the State.

3. State—Liability—Statute—Appropriation—The State can not be
made liable at all except under a statute passed by the Leg-
islature incurring the liability, nor can it then be liable to
suit against its auditor to compel him by mandamus to issue
his warrant upon the treasury for the same unless the Legis-
lature has expressly appropriated the money to discharge the
liability.

4. Implied Liability—Discretion of Auditor—Re-apportioning Ap-
propriations—Acceptance of Reduced Salary—There can be
no implied understanding on the part of the State to pay clerks
employed by the auditor otherwise than out of the fund ex-
pressly appropriated for the purpose, and then only in such
sums as the auditor may in his discretion determine. If the
business of the office should increase as to demand an increase
of the clerical force, it is within the discretion of the auditor
to re-apportion the appropriation allowed by law, and if a
clerk thereafter remains and continues to draw the reduced
salary it is equivalent to an agreement on his part to ac-
cept the latter sum for his services to the State.

5. Compromising Claim—Agreed Judgment—Constitutionality—The
fact that the auditor and the claimant have compromised the
claim adds nothing to its validity. Its validity is dependent
upon whether there was a statutory authorization of it, and
an agreed judgment has no more validity than an agree-
ment out of court when it would be a violation of the Con-
stitution to carry either into effect.

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for ap-
pellant.

1. By the verified answer of Gus G. Coulter, auditor, it appears
that the specific appropriation under the law for clerk hire and
clerical assistance in the auditor's office for each of said years
had been exhausted; it also appears by the petition that the
claim of the plaintiff, Shuck, was for clerical assistance in the
auditor's office for these same years, and if paid at all, must
be paid out of said specific appropriation.

2. The compromise agreement between the said Coulter and
Shuck, and the judgment entered thereon, was unauthorized upon
the part of said auditor, and not within the scope of his power
and authority under the law as fiscal agent of the State.

3. This agreement is in effect a judicial finding, although the
specific appropriation for the payment of the alleged claim had
been exhausted, yet    the said auditor adjudges that the State

shall pay the further sum of $1,500 for clerk hire and clerical assistance.

4 The auditor is a ministerial officer and has no power to compromise and judicially pass on claims against the State, but for his own and the State's protection he may question the validity of any claim against the State, as was decided in the case of Norman v. Board of Managers World's Fair, 93 Ky., 537.

5. It is the contention of the State that the opinion of this court in the case of Bosworth, Treasurer v. Shuck (appellee in this case), is conclusive of the rights of the appellee under said judgment, as the judgment was merged in said warrant, which in that case was held to be invalid; it follows, then, that the judgment on which it was based is also invalid.

## AUTHORITIES CITED.

Meechem on Public Officers, p. 924; Throop on Public Officers, sec. 21; Bishop on Contracts, sec. 993; Pulaski County v. State, 42 Ark., 118; Woodward v. Campbell, 39 Ark., 590; Woodruff v. Berry, 40 Ark., 251; Merchants Bank v. Bergen Co., 115 U. S., 384; Constitution of Kentucky, sec. 230; Ky. Stats., sec. 143; Ky. Stats., sec. 340; Ky. Stats., secs. 138, 139, 4001a, 4688; State v. Porter, 89 Ind., 260; Pritchard v. Woodruff, 36 Ark., 196; Norman v. Board of Managers World's Fair, 93 Ky., 537; Bosworth, Treasurer v. Shuck, 26 Ky. Law Rep., 324.

B. G. WILLIAMS and FINLEY SHUCK for appellee.

## AUTHORITIES CITED.

1. In a common law case where there is no motion for a new trial or bill of exceptions the only thing that the Court of Appeals can consider is whether or not the pleadings were sufficient upon which to base a judgment. (Gaffney v. Penn. Co., 8 Ky. Law Rep., 260; Taylor v. Colston, 7 Ky. Law Rep., 607; Beeler v. Sandige, 20 Ky. Law Rep., 1581.)

2. By consent judgment the allegation of plaintiff's petition are confessed. (Hudson v. Allison, 54 Ind., 215; Spinetti v. Brignardello, 53 Cal., 281.)

3. Confession of judgment operates as a release of errors. (Civil Code, sec. 383.)

4. Coulter, auditor, had the right to make the compromise. (Freemen on Judgments, vol. 2, sec. 545; Gere v. Supervisors Cayuga Co., 7 How., 255.)

5. Consent judgment will not be disturbed. (Beatty v. Curtis, 4 Ky. Law Rep., 352; Duncan v. Louisville, &c., 13 Bush, 378.)

6. A void judgment can not be reversed until there is a motion for a modification of a judgment in the lower court. (Sec. 763 of the Civil Code.

OPINION BY JUDGE O'REAR—Reversing.

Gus G. Coulter, when Auditor of Public Accounts of the State of Kentucky, appointed appellee, Finley Shuck, to the position in the Auditor's office known as "Chief of Claims Department," at a salary of $2,400 per annum. The appointment was made as of the 1st of March, 1900. Appellee continued in the employment for three years. For about ten months of the first year he was paid at the rate of $2,400 per annum. After that his salary was reduced by the Auditor, and he was paid accordingly in all only $5,325, leaving a difference between the $7,200, which he claims he was entitled to, and the sums actually paid him under the Auditor's warrants, of $1,875. Appellee brought this suit in the Franklin Circuit Court against Coulter, while the latter was Auditor of Public Accounts, for a writ of mandamus requiring the Auditor to issue his warrant on the Treasurer for $1,875, the alleged balance due him. Auditor Coulter answered that it was not intended by the parties that the plaintiff should fill the position of chief of the claims department, or draw the salary stipulated for except at the pleasure of the Auditor; that after January 1, 1901, he was unable to continue to pay appellee at the rate of $2,400 per annum out of the appropriation allowed to the Auditor to pay for clerical assistance, in view of the necessities of the office for other clerical assistance, which he was required to, and did, furnish to conduct the business of his office; that this fact was well known to appellee; that he was paid a reasonable compensation for his services, which was accepted by him; that

there were no funds in his hands or in the State treasury out of which his claim could be paid; that the appropriation made by the Legislature for the employment of necessary clerical assistance in the Auditor's office had been exhausted before the filing of the petition. Appellee, in his reply, claimed that the total sum allowed by law for clerk's hire in the Auditor's office, to wit, $16,200 per year, had not been exhausted, but that, on the contrary, $1,800 per year still remained properly to the credit of that fund. This was accounted for, as appellee claims, by the fact that the Auditor had diverted from that fund that sum each year by paying $3,000 to clerks in the Land Office Department, whereas the law restricted the appropriation for that department to $1,200 per year. Coulter denied the alleged misappropriation, and the suit was thus at issue. Thereupon the parties filed in the Franklin Circuit Court the following:

"By way of compromise it is now stipulated and agreed that on his petition for $1,875.00 and interest the plaintiff may take judgment awarding him a mandamus against the Auditor of Public Accounts, directing that officer to issue his warrant on the treasury for the sum of $1,500. which is to be in full satisfaction of the claim and demand sued on, and this judgment shall not be appealed from.

"Witness our hands, December 10th, 1903.

"Gus G. Coulter,
"Auditor of Public Accounts,
"B. G. Williams,
"For Finley Shuck."

On the same day the court entered this judgment in the case.

"This day came the parties by attorneys, and filed a written stipulation of compromise, fixing the amount

to which plaintiff is entitled, in consideration whereof it is adjudged by the court that the plaintiff is entitled to the relief sought, and he is, therefore, awarded a writ of mandamus directing and requiring the Auditor of Public Accounts of the State of Kentucky to draw his warrant on the State Treasurer in favor of the plaintiff, Finley Shuck, for the sum of fifteen hundred dollars, for services as clerk in the Auditor's office, and this he will in nowise omit. The plaintiff will pay the costs of this proceeding, and this case is stricken.''

The present Auditor of Public Accounts has prosecuted an appeal from the foregoing judgment.

A stipulation in a contract that neither party may resort to the courts is void, as tending to oppression and being contrary to public policy.

The Auditor of Public Accounts is a public agent, whose duties and powers are limited by the law. All persons dealing with him in his official capacity are conclusively presumed to take notice of this limitation. Wherein he may exceed his authority his act is void, in so far as it attempts to bind the State.

Constitution, sec. 230, provides: ''No money shall be drawn from the State treasury except in pursuance of appropriations made by law.''

The State Treasurer pays out the money of the State upon the warrant of the Auditor, which ''shall not be issued unless the money to pay has been appropriated by law.'' (Sec. 143, Ky. Stats., 1903.) The Auditor's warrant can not, in the nature of things, create a liability against the State, unless it existed before. The State can not be made liable at all, except under a statute passed by the Legislature incurring the liability; nor can it then be liable to suit against its Auditor of Public Accounts to compel him by mandamus to issue his warrant upon the Treasurer for

the same unless the Legislature has expressly appropriated the money to discharge the liability. Under secs. 138, 139, 4001a, sub-sec. 4, Ky. Stats., 1903, the Auditor is authorized to employ necessary clerks for the proper discharge of the business of his office, including that of the Land Office, which has become a part of the Office of Public Accounts. No particular sum is directed to be paid to any clerk.

As was decided in Bosworth, Treasurer v. Shuck, 118 Ky., 458, 81 S. W., 240, 26 Ky. Law Rep., 324: "The selection of the clerical force for the proper conduct of the business of the Auditor's Office, and the fixing and apportioning of their respective salaries, is left to the sound discretion of the Auditor, but the aggregate of such salaries can not lawfully exceed the amount appropriated therefor by the General Assembly."

Those appointed to clerkships are bound to take notice of this fact. There can be no implied undertaking on the part of the State to pay these clerks otherwise than out of the fund expressly appropriated for the purpose, and then only in such sums as the Auditor may, in his discretion, determine. It is proper and desirable that the salaries of these clerks should be fixed, and not dependent upon the whim of the head of the department. Still the fixing of the salaries of the clerks must be so done that their aggregate will not exceed the total appropriation made by law for the purpose of paying the clerks in the office. If the business of the office should increase so as to demand an increase of the clerical force, it is undoubtedly within the power and discretion of the Auditor to reapportion the appropriation allowed by law. As he may discharge any clerk, it follows that he may impose, as a condition to his retaining his place, that his salary be reduced. If the clerk continues in the place

and continues to draw the reduced salary, it is equivalent to an agreement on his part to accept the latter sum for his services to the State. (City of Lexington v. Rennick, 105 Ky., 779, 20 Ky. Law Rep., 1609 and 1924; 49 S. W., 787, 50 S. W., 1106.)

While sec. 4001a, sub-sec. 4, Ky. Stats., 1903, authorizes the Auditor to employ an additional clerk at a salary not to exceed $1,200 per year, payable out of the State Treasury, on account of the merger of the Land Office into the Auditor's Office, it is not intended thereby to restrict the expenditures on account of services that may be required in the Land Office Department to $1,200 annually.

If it were true that all the money appropriated by law for the payment of clerks in the Auditor's Office for each of the years embraced in this suit had been applied and paid out to the clerks in the office, it follows that there was no liability upon the State to pay any more. No agreement of the Auditor to do so, upon whatever consideration, could be binding upon the State. Indeed, if he had done so, it would have been without the warrant of law, and would have been a misappropriation to that extent of the public funds. His warrant drawn upon the Treasurer therefor would have conferred no authority whatever upon the latter official to have paid out the money, and consequently would have been no protection to him, had he done so. (Bosworth, Treasurer v. Shuck, supra.)

The fact that the Auditor and the claimant have compromised the claim adds nothing to its validity. It is valid, or not, dependent upon whether there was a statutory authorization of it. The agreed judgment in the case—for that is all it amounts to—is of no greater validity than an agreement out of court about the same matter. The trouble at the bottom of all of it is that it would violate the Constitution of the

State to carry either into effect. The court would have no more power to do that than would the Auditor.

The state of the pleadings and the face of the record disclose the error in the judgment. It was not necessary that there should have been a motion for a new trial in order to give the court jurisdiction to review the judgment upon appeal of the Auditor.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.