**TERRITORY ex rel. AVERILL v. BOARD OF DENTAL EXAMINERS et al.**

No. 3036.

Fourth Division.

Jan. 14, 1929.

74

Morton E. Stevens, of Fairbanks, for plaintiff.
John Rustgard, of Juneau, for defendants.

CLEGG, District Judge.

The court may dispose of the first defense briefly, which is that the proceeding is barred by the statute of limitations, by conforming to what appears to be the weight of authority that a mandamus proceeding is not a civil proceeding to which the statute of limitations applies. It seems to be the concensus of opinion that the statute does not apply to anything except civil actions, and that, a mandamus proceeding being an extrordinary remedy and supplementary, as some authorities hold, the statute does not apply.

However, the other ground of defense, that the proceeding is barred by laches, seems to stand on a different footing. If the statute (Laws 1913, c. 84) in question, which is an "Act to regulate the practice of dentistry in the Territory of Alaska and to provide for the examination, regulation, licensing and registration of persons engaged in the practice of dentistry, and for the punishment of offenders against this act," requires or imposes the duty upon the board of dental examiners constituted by the act to issue a certificate to a person who has been engaged in the practice of dentistry for the period of four years next preceding the passage of the act, or the time

when the act takes effect, which the court will discuss hereafter, the mere fact that the relator did comply with the provisions of section 4 of the act in detail and completely in the year 1913 would not at this time compel the board of dental examiners to issue to him a certificate of registration as provided by section 4. If I understand the law, it is that a person may not sleep on his rights.

The pleadings show that there was no communication between the relator with the board of dental examiners, who had a permanent office and a permanent place of business, from the time he left the territory until some time which is not stated in the pleadings, in the year 1925. If the relator believed, as stated in the pleadings, that he would be issued a certificate by the board of dental examiners on his verified statement, it would be the natural thing, of course, for him to communicate in some way and attempt at least to ascertain whether or not the board had acted upon his application, and, where he has not done so for the period of twelve years, during which time he has been entirely outside of the jurisdiction of the territory of Alaska, the court will presume as a matter of law that he has abandoned any rights to which he might have been entitled at the time he left the territory.

The court will not bestir itself, in other words, to aid a suitor who claims to have alleged rights which were infringed twelve years ago when he did not take the trouble to ascertain whether they were infringed or whether they were being maintained for the period of twelve years. It would be assumed as a matter of law, as I view it, that during that time the relator had abandoned any rights which he had in the premises by complying fully and completely with the provisions of section 4 of the act. If that is not correct, the mere fact that he returned to the territory in 1925, some time in June, and did not institute this action until the 5th of January, 1927, would certainly make him guilty of laches and place him beyond the pale of the court so far as extending to him any relief is concerned.

■ The pleadings show that the relator returned to Nome in the year 1925 and resumed the practice of dentistry. Now there are certain provisions in this act, which I will refer to, with which the relator, if he was acting in good faith and honestly believed that the board either should have issued to him a certificate or did issue to him a certificate, should have complied. A portion of section 10 of the act says: "Every registered dentist shall each and every year pay to the Board of Dental Examiners a license fee of four dollars ($4.00), such payment to be paid on or before the first day of July of each year. In case of default of such payment by any person, his or her certificate may be revoked by the Board of Dental Examiners upon ninety (90) days' notice from the secretary to the person holding such certificate, unless within said ninety days said payment shall be made, together with such penalties as the Board may impose, which in no case shall exceed twenty-five dollars."

If the relator was acting in good faith during this time and believed either that he was entitled in the first place to the issuance of a certificate before or that it actually had been issued to him, but that he had not been notified of that fact, it was his duty, if he was attempting to comply with the law, to at least tender to the board of dental examiners during each of the years from 1914 to 1925 the sum of $4 to keep him in good standing; otherwise his certificate, had it been issued, would be subject to revocation. So that for twelve years, for his failure to pay the $4 for each of those twelve years, the relator would have been subject to have his certificate revoked for his failure in the payment of that sum, which the pleadings admit he did not pay annually. For these reasons, if for no other, the court would be obliged to refuse to issue the writ and to dismiss the proceedings. However, there appear to the court to be other and even more potent reasons why the writ should not issue in this case.

■ The elementary rule is that a writ of mandamus is available to all those who have a clear legal right which has

been violated or infringed by some person on whom the law imposes a legal duty. Now, starting with that principle, let us examine this law that is the subject of this controversy.

I have already recited here what the title of the act is. Section 1 of the Act says: "It shall be unlawful for any person, who is not at the time of the passage of this act engaged in the practice of dentistry in this Territory, to commence such practice unless he or she shall have obtained a certificate, as hereinafter provided."

Section 2 reads: "A board of Dental Examiners to consist of five practicing dentists is hereby created whose duty it shall be to carry out the purposes and enforce the provisions of this act."

It then prescribes how the members of the board shall be appointed and the term of their respective offices and for the filling of vacancies.

Section 3 says the board shall provide an official seal and when it shall have its first meeting, how its officers shall be selected, and that two members shall constitute a quorum.

Section 4 says: "Within four months from the time this act takes effect, it shall be the duty of every person who has been engaged in the practice of dentistry in this territory for four years next preceding, or has a certificate permitting him or her to practice their profession which shall have been issued to him or her by a dental examining board of any state of the United States, or a diploma from a reputable dental college, and who at the time of the passage of this act is engaged in the practice of dentistry in the Territory of Alaska, to cause his or her name and residence, or place of business, to be registered with said board of examiners, who shall keep a book for that purpose. The statement of every such person shall be verified under oath before a notary public in such manner as shall be prescribed by the board of examiners. Every person who shall so register with the said board as a practitioner of dentistry, shall receive a certificate to that effect without examination,

and may continue to practice as such without incurring any of the liabilities or penalties provided in this act, and shall pay to the board of examiners for such registration and certificate the fee of five dollars ($5.00)."

Section 5 provides that: "Any person who desires to begin the practice of dentistry in the Territory of Alaska after the passage of this act shall appear before said board of examiners at any of its regular or special meetings for examination," and, briefly, shall be eligible for examination and shall be submitted to examination after he has presented a diploma from a reputable dental college, and prescribes what the examination shall consist of, and says, further, that, if the examinations prove satisfactory to said board of dental examiners, "they shall issue a certificate of registration to the person examined. All certificates issued by the board, shall be signed by its president, secretary and a majority of the board and shall have its official seal attached thereto."

Section 6 provides that: "Said board may accept and register upon payment of the registration fee, and without examination of the applicant, any certificate which shall have been issued to him, or her, by the Dental Examining Board of any State in the United States, provided, however, That the legal requirements of such dental examination board shall have been at the time of issuing such certificate in no degree or particular less than those of the Territory of Alaska at the time when such certificate shall have been presented for registration to the board created by this act, and provided that such applicant shall have been lawfully engaged in the practice of dentistry in the state from which he, or she, shall present his or her certificate for a period of five years next preceding his, or her, application to the dental board of the Territory of Alaska, and provided further, that the provisions in this section contained shall be held to apply only to such and of said dental examining boards as accept and register the certificates granted by this board, without examination by them of the ones holding such certificates. Each applicant

upon making application shall pay to the secretary of the board a fee of twenty-five dollars ($25.00)."

Section 7 requires the certificate of registration to be filed with the clerk of the court. It says: "Any person who shall fail to register his or her certificate shall be liable for practicing dentistry without license."

The other provisions of the act that I have not referred to may be omitted as far as this discussion is concerned.

■ Now the first thing we will consider in this connection is very well set out in 18 R.C.L. 117. It says: "It is generally recognized that where the performance of a ministerial duty is enjoined by law upon a public officer, or inferior judicial tribunal, the court, upon an application for a mandamus, will judicially determine the legal rights of the applicant, and will, of necessity, decide whether the duty exists. The question of law involved in this determination must necessarily intervene in every case where the interposition of judicial authority is required."

■ ■ So that my first duty is to determine whether or not there is any duty imposed by law upon the board of dental examiners to issue to the applicant a certificate, assuming that he has complied with all the provisions of section 4. The material part of this section upon this subject is as follows: "Every person who shall so register with the said board as a practitioner of dentistry, shall receive a certificate to that effect without examination."

Now there is nothing stated in this section at all as to who issues these certificates. Where is the duty then imposed upon this board to issue a certificate either to the relator or somebody else? It may be argued that section 2 of the act imposes that duty upon the board of dental examiners, but an inspection of that section will show to the contrary. It says: "A board of Dental Examiners to consist of five practicing dentists is hereby created whose duty it shall be to carry out the purposes and enforce the provisions of this act."

"To carry out the purposes." Well, the purposes generally are to regulate the practice of dentistry and provide for the examination, regulation, licensing, and registration of persons engaged in the practice of dentistry. It does not say anything at all that the purpose of this board is to issue certificates to persons who have been already practicing dentistry in the territory and who have, within four months from the time the act takes effect, filed a state-. ment, verified before a notary public, in the manner provided by the board of examiners. Not a word.

Furthermore, section 1 of the act makes it unlawful for certain persons to commence the practice of dentistry, but it specifically excludes persons who have been practicing dentistry at the time the act goes into effect. It says as follows: "It shall be unlawful for any person, who is not at the time of the passage of this act engaged in the practice of dentistry in this Territory, to commence such practice unless he or she shall have obtained a certificate."

It does not say that it is unlawful for a person to commence to practice who is, at the time of the passage of the act, engaged in the practice of dentistry, unless he or she shall obtain a certificate. It provides, in other words, for the issuance of certificates to persons who are not at the time of the passage of the act engaged in the practice of dentistry, and makes it criminal for those persons to practice dentistry unless they have a certificate. But here the relator claims to have been engaged in the practice of dentistry at the time of the passage of the. act, and there does not seem to be any requirement in the act that such a person should have a certificate. Nor is it specifically stated, if the contrary is true, who should issue the certificate.

Now section 5 of the act provides for the examination of candidates for admission to practice dentistry, and provides for the issuance of certificates. It says: "If the examinations prove satisfactory to said board of Dental Examiners, they shall issue a certificate of registration to the person examined." Then it says that all certificates is-

sued by the board shall be signed in a certain way, but section 6 of the act does not make any provision for the issuance of certificates to those who hold certificates theretofore issued to them by any dental examining board of any state in the United States, and so forth. It does not say a word about the issuance of certificates to those classes of persons. The only persons it speaks about issuing certificates to directly and specifically are the persons subjected to an examination by the board of dental examiners.

18 R.C.L. 117, says as follows: "To warrant the issuance of mandamus against an officer to compel him to act, a duty to do so must be imposed upon him by law; the entire scope of the writ in this respect is to compel the officer to perform his duty and cannot be invoked to enlarge or confer a power upon him to act. The duty sought to be enforced must be a duty which still exists at the time when the application for the writ is made; and it has frequently been asserted that the duty to act must be clear."

Now I hold specifically that there is no duty imposed upon the board of dental examiners under this act to perform the act of issuing a certificate under the provisions of section 4 of that act.

I again quote from Ruling Case Law as follows: "In order to enforce by mandamus a ministerial duty, the obligation must be both peremptory and plainly defined; the law must not only authorize the act but it must require the act to be done." 18 R.C.L. 119.

There is nothing in this statute here which requires the board to do this. It does not say it is their duty to do so specifically with reference to those who have been claiming at least to have practiced dentistry in the territory at the time of the passage of the act.

On that subject also I cite U. S. ex rel. International Contracting Company v. Lamont, 155 U.S. 303, 308, 15 S.Ct. 97, 98, 39 L.Ed. 160: "The duty to be enforced by mandamus must not only be merely ministerial, but it must

be a duty which exists at the time when the application for the mandamus is made. Thus in the case of Ex parte Rowland, 104 U.S. 604, 612 [26 L.Ed. 861], this court, speaking through Mr. Chief Justice Waite, said: 'It is settled that more cannot be required of a public officer by mandamus than the law has made it his duty to do. The object of the writ is to enforce the performance of an existing duty, not to create a new one.' "

Now, if the court were to hold that it is the duty of the board under the facts in this case and under the provisions of section 4 of the act, to issue to the relator a certificate and were to issue a mandamus to that effect, and they refused to obey, how could the court vindicate its authority· and compel its enforcement under the existing provisions of this law? The defense would be instantly that the law does not require the board nor impose it as a duty upon the board to grant a certificate, as it is silent upon the subject as to who is to issue this alleged certificate.

"Moreover, the obligation must be both peremptory, and plainly defined. The law must not only authorize the act (Commonwealth of Kentucky v. Boutwell, 13 Wall. 526 [20 L.Ed. 631]), but it must *require* the act to be done. 'A mandamus will not lie against the secretary of the treasury unless the laws require him to do what he is asked in the petition to be made to do' (Reeside v. Walker, 11 How. 272 [13 L.Ed. 693]. See, also, The Secretary v. McGarrahan, 9 Wall. 298 [19 L.Ed. 579]); and the duty must be 'clear and indisputable.' " U. S. ex rel. International Contracting Co. v. Lamont, supra.

Now it is obvious, without any argument, that this law and this section referred to imposes no "clear and indisputable" duty upon the board of dental examiners of the territory under the provisions of this act to issue a certificate to any person who had been practicing dentistry before the act went into effect.

For these reasons the defendants' motion for judgment is granted, the writ will be denied, and the proceedings dismissed.