## Ross et al. v. Gross et al.

June 22, 1945.

Eldon S. Dummit, Attorney General, and Elmer Drake and Forest Hume, Assistant Attorneys General, for appellants.

J. C. Baker and G. E. Reams for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Affirming.

Following our reversal of the Chancellor's dismissal of the petition (Gross et al v. Ross et al., 299 Ky. 383, 185 S. W. 2d 547) a judgment was entered in the Circuit Court from which we quote:

"It is further ordered and adjudged that Harlan County did not have a population of 75,000 persons at the time of the taking of the census between April and

June of 1940, and that it does not have a population of 75,000 people, but has a less population than 75,000, and that Section 106 of the Constitution of the State of Kentucky and Section 1762 etc. and KS 1761-1765, now KRS 64.040, do not apply to the plaintiffs and did not apply to the plaintiffs, or any of them at any time, either prior or since the taking of the Federal Census in Harlan County, between April and August, 1940, and that Harlan County, Kentucky, did not in January, 1942, have a population of as much as 75,000 persons.

"It is further adjudged and ordered by this Court that the sum of 25% of the fees and receipts of the various plaintiffs, as officers of Harlan County, which has heretofore been withheld by the Auditor of the Commonwealth of Kentucky, the Treasurer of the Commonwealth of Kentucky, the Commissioner of Revenue of the Commonwealth of Kentucky, the Commissioner of Finance of the Commonwealth of Kentucky, be adjudged to belong to the said plaintiffs as their interests may appear, and the defendants are hereby ordered and directed to return to each of these plaintiffs any sums so withheld after a sufficient amount of said fees shall be applied to the satisfaction of any deficit which the said plaintiffs, or any of them, may be due to the defendants, or any of them."

Thereafter appellees filed in the same action an "Application for Advice" in which, after setting forth the judgment quoted, they alleged:

"* * * that as a direct result of the 25% of the fees and receipts which the defendants have withheld, the defendants, as shown by their own records, now owe these plaintiffs the amounts as shown below:

| | |
|---|---|
| John B. Gross, Jailer, | $17,117.64 |
| Mrs. Elmon Middleton, County Court Clerk, | 10,209.86 |
| Clinton C. Ball, Sheriff, | 11,944.15 |

"* * * That a general appropriation bill was enacted at the first Extraordinary Session of the General Assembly of 1944; that this bill was superseded by the general appropriation bill enacted at the second Extraordinary Session, and that subsection (b) of Section 26 Appropriations not Otherwise Classified, reads as follows:

" 'Money Refunded. For refunding money paid to

the State Treasury, which may be later determined not to be a lawful collection by the State. No money shall be refunded, however, after it has been paid into the State Treasury except by authority of a court order or written opinion from the Attorney General and approved by the Commissioner of Finance,

1944-1945 ............................... $5,000.00
1945-1946 ............................... $5,000.00'

"* * * that the defendants are holding a total of $39,271.65 which should be paid to them under the judgment of this Court pursuant to the opinion of the Court of Appeals of Kentucky and that the sum of $5,000.00 appropriated for refunding money paid to the State Treasury, which may be later determined not to be a lawful collection by the State is insufficient to take care of the amount which the defendants have been ordered and directed to pay them, and in addition to this the said sum of $5,000.00 appropriated for 1944-1945 has already been exhausted.

"* * * that the said sum of $39,271.65 was withheld from the fees and receipts of these plaintiffs, which fees and receipts were collected as a necessary governmental function of the County of Harlan and the State of Kentucky, and said amount was paid by the defendants into the General Fund of the State of Kentucky since the amount appropriated by the General Assembly for the purpose of making such refunds is insufficient and has been exhausted, and the State has no funds in that account for the purpose of making payment to these plaintiffs; that the defendants are willing to pay these plaintiffs out of the general fund the amounts due them, but there has arisen a question as to the advisability and legality of paying said amounts from the general fund and the plaintiffs say that this question should be submitted to the Court for judgment."

The appellants entered their appearance to the supplemental proceedings, whereupon, the Chancellor entered a judgment declaring that the money due appellees under his former judgment "is for expenses necessary in the operation of the State Government and for governmental expenses", and that since the General Assembly 1944 appropriation for refunding money unlawfully collected and paid into the State Treasury was whol-

ly inadequate for the purpose, appellees' claims "are payable out of the General Fund of the Commonwealth of Kentucky". The judgment concluded with a specific direction to appellants to pay the claims out of the General Fund; and on this appeal it is admitted by the Attorney General on behalf of appellants that the amounts specified in the judgment are due appellees and should be paid; and that the sole question to be determined is whether they can be paid out of the General Fund in the absence of legislative appropriation for that purpose. Section 230 of the Constitution provides: "No money shall be drawn from the State Treasury, except in pursuance of appropriations made by law; and a regular statement and account of the receipts and expenditures of all public money shall be published annually."

And KRS 41.110 provides: "No public money shall be withdrawn from the Treasury for any purpose other than that for which its withdrawal is proposed, nor unless it has been appropriated by the General Assembly or is a part of a revolving fund, and has been allotted as provided in KRS 45.010 to 45.990, nor unless the expenditure has been authorized by the administrative head of the budget unit and the Department of Finance has been advised of such authorization, nor unless a statement of indebtedness has been submitted to and approved by the Department of Finance, and then only on the warrant of the Department of Finance. The provisions of this section do not apply to withdrawals of funds from state depository banks for immediate redeposit in other state depository banks."

The Attorney General acquiesces in appellees' contention that since the claims are for money necessary to be expended in the conduct of the County Government, they can be paid out of the General Fund without an appropriation, but we find it unnecessary to decide that question.

It seems to us that since the money belonged to the appellees or the County, its payment into the State Treasury did not vest the State with title thereto or a right to its custody; that the purpose of the constitutional provision and the statutory enactment cited was to prevent the expenditure of the State's money without the consent of the Legislature; and that it could not have been the intention of the framers of the Constitu-

tion to require the true owner of money so placed in the State Treasury to await the pleasure of the Legislature in order to recover that which had been adjudged by a Court of competent jurisdiction to have been at all times his own.

Judgment affirmed.