**Jo M. FERGUSON, Attorney General, Commonwealth of Kentucky, Appellant,**

**v.**

**Ward J. OATES, Commissioner, Department of Finance, Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 13, 1958.

Earle V. Powell, Asst. Atty. Gen., for appellant.

Paul E. Hunley, Dept of Finance, Clyde E. Reed, Frankfort, for appellee.

BIRD, Judge.

■ Jo M. Ferguson, Attorney General for the Commonwealth of Kentucky instituted this action against Ward Oates, Commissioner of Finance for the Commonwealth of Kentucky.

Ferguson in his complaint alleges that the funds available to the office of Attorney General under the Appropriations Act of 1956, 3rd Ex.Sess., c. 1, are not sufficient for its continued operation until the close of the fiscal year on June 30, 1958. He demands that Oates, Statutory Chief of Finance, be ordered to allocate from unappropriated funds in the State Treasury a sum sufficient to meet the needs of that office until the end of the fiscal year. Ferguson does not charge that the biennial appropriation of the 1956 General Assembly was unreasonably inadequate as of the date of appropriation, and he does not charge that the General Assembly acted arbitrarily or capriciously in making the appropriation. He simply complains that the funds available under the appropriation are exhausted and that the office cannot, for the remainder of the fiscal year, do the things necessary to be done in the proper discharge of its functions. He complains that he was deprived of the use of

$762.29 of his appropriation for the purposes contemplated by the Legislature because that amount of the appropriation was channeled into the funds of the State Retirement System in a manner beyond his control, and he alleges that this contributed to the depletion of his funds. He complains that the use of this sum for retirement purposes was not contemplated by him or the General Assembly at the time of the appropriation enactment and that the office is entitled to the allocation of that sum for uses intended by the Legislature.

The allegations of the complaint concerning the sum of $762.29 and its payment into the state retirement fund are specifically denied by the defendant along with divers other averments in the complaint. Commissioner Oates also asserts that he cannot under Section 230 of the Kentucky Constitution and KRS 41.110 cause funds to be paid from the Treasury except by appropriation of the General Assembly, and that he has no such appropriation for the sums demanded by the Attorney General. He asserts further that the complaint fails to state a claim upon which relief may be granted and, upon this defense, the court denied the relief sought and dismissed the action. Ferguson appeals.

Only one question is presented on appeal. Does the complaint state a claim upon which relief can be granted?

■ Mere failure to operate within a reasonably adequate appropriation will not warrant a mandamus against the Finance Officer or Treasurer to provide additional funds, Bosworth v. Shuck, 118 Ky. 458, 81 S.W. 240; and in such cases the problem necessarily addresses itself to the Legislature and should not be solved by a court order directing expenditures of funds not appropriated to the uses of the department. Bosworth v. Shuck, supra; Dishman v. Coleman, 244 Ky. 239, 50 S. W.2d 504. We find only one exception

to this rule in a case where the appropriation was reasonably adequate at the time of its making. In that case mandamus was approved by this Court under the most extreme circumstances. Miller v. Quertermous, 304 Ky. 733, 202 S.W.2d 389. The facts in that case were so extraordinary that this Court made an exception to the rule. Federal war time price controls had been lifted and the prices of commodities soared so far beyond the realm of foreseeability that the funds of the Department of Welfare were completely exhausted, and there was nothing left upon which the State's penal and charitable institutions might operate. The inmates had to be fed, clothed and treated, and the attendants and guards had to be paid. As stated in the opinion, the court's action was "brought about by an inexorable necessity coupled with an inescapable responsibility", and the case should not be considered as precedent except under comparable conditions. We do not have a comparable situation in the case at hand.

The plaintiff demands that the Commissioner of Finance be compelled by mandamus to allocate money beyond the appropriation limits to cover certain deficits in Budget Accounts and to provide money for the purchase of much needed office equipment. Measuring the facts alleged in the complaint by the rules previously stated we must hold that mandamus will not lie for that purpose.

■ However, the Attorney General says that a portion of his appropriation has never been available to him for any of the general uses and purposes proposed in the budget and contemplated by the General Assembly in making the appropriation. While it is not the purpose of this Court to usurp the powers of the legislative branch of government by directing the allocation of additional funds for the use of Attorney General's Office, we find no reason in law, or theory of government, that should restrain us from directing the sums lawfully appropriated to

that office be allocated to it for the purposes contemplated in the appropriation.

 In dealing with Section 230 of the Kentucky Constitution and KRS 41.110, we hold that the purpose of these constitutional and statutory provisions "was to prevent the expenditure of the State's money without the consent of the Legislature." Ross v. Gross, 300 Ky. 337, 188 S.W.2d 475, 477. These provisions and the holdings in Bosworth v. Shuck and Dishman v. Coleman, supra, have no application in cases where the Legislature has authorized expenditures for specified general purposes and then those holding the purse strings refuse to deliver the funds for uses authorized by the Legislature. That is substantially what the Attorney General says happened. The purposes of Section 230 and KRS 41.110 will not have been violated by directing that the funds be delivered for the general uses intended by the Legislature. It appears to us that the Attorney General did state a claim upon which relief may be granted in his allegations pertaining to $762.29 and its payment into the State Retirement System. These allegations having been denied by the defendant the trial court will try this issue of fact.

We do not challenge the manner in which the retirement matter was handled or the right of the authorities to so handle it. If, however, the appropriation of a budget unit is depleted in the manner claimed by the Attorney General for purposes not contemplated in the appropriation, and if there are sufficient unappropriated funds in the treasury, the Finance Officer should allocate the amount of such expenditures to the office to meet such obligations as may have been made in anticipation of the original appropriation.

It is our conclusion that the court erred in finding that the complaint failed to state a claim upon which relief may be granted. We have considered nothing but the allegations of the complaint in reaching this conclusion. It is true that under CR 12.02 matters outside the pleading may be considered by the court, but when this is done the motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided by CR 56. There is nothing in the record showing that this matter was so treated.

The judgment is reversed for proceedings not inconsistent with this opinion.