## THE PEOPLE *ex. rel.* VESEY *v.* CHURCH.

An Act organizing a new county, and fixing a special day for the first election of county officers, and providing that they shall hold office for two years' and until their successors are elected and qualified, must be construed in connection with the general law requiring such officers to be elected on the same day throughout the State.

The officers first elected hold till the first general election for county officers throughout the State, after the expiration of the term of the two years fixed by the special Act; and an election held before that time is void.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

People *ex rel.* Vesey *v.* Church.

This was an information, in the nature of a *quo warranto*, to try the title to the office of County Clerk of Alameda county. The facts, as appearing in the statement, are fully set forth in the opinion of the Court. Judgment was given in the Court below in favor of the respondent Church, from which the relator appealed.

*E. R. Carpentier* and *C. H. S. Williams* for Appellant.

The first election of respondent in 1853 was for two years and until his successor should be elected and qualified. Stat. 1853, p. 58, §§ 2, 9.

The law referred to as a guide for future elections was the "Act concerning offices." Comp. L., p. 241, 242, § 14.

This Act provides for a uniform system, as required by the Constitution in Art. xi., § 4.

The special Act not being repugnant to the general law, they should be construed together so as to give effect to both. Rix *v.* Loxdale, 1 Burr, 447; Fort *v.* Burch, 6 Barb., 60.

2. The election of 1854 was void, because the Court of Sessions fixed the precincts. Burgoyne *v.* Supervisors, 5 Cal., 9.

*Wallace & Ryland* for Respondent.

The term for which Church was first elected expired May 10, 1855. It follows that his term, being about to expire before the general election of 1855, the time for filling the vacancy about to occur, was at the general election in September, 1854. Comp. L., 774, § 4.

2. The "Act concerning offices" cannot apply to the county of Alameda, because, 1st, that Act was only designed to apply to existing counties; and, 2d, such application would render nugatory the 4th section of the Act concerning elections. By the construction we contend for, both Acts can have full operation.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Justice HEYDENFELDT concurred.

The Act to organize the county of Alameda, passed on the 9th of April, 1853, provided that the various county officers should be elected on the — of April.

The respondent was elected county clerk at said election, and entered upon the duties of the office on the 10th day of May, 1853.

In August, 1854, the Court of Sessions of Alameda ordered an election to be held (on the day of the general election) for all county officers except county judge. At this election respondent received the greatest number of votes cast for county clerk, and was by the county judge declared elected for the term of two years from the first Monday of October, 1854.

In August, 1855, the supervisors of the county ordered an election to be held for county officers at the general election, at which election the relator, having received the highest number of votes for the office of county clerk, was declared duly elected for two years from and after the first Monday of October, 1855;—was qualified, and offered to enter

6

upon the discharge of the duties of the office, but was prevented by respondent, who claimed to hold said office by virtue of his election in 1854.

The single question for consideration is as to the validity of the election of 1854.

By the terms of the Act organizing the county of Alameda, the officers elected at the first election were to hold for two years and until their successors were elected and qualified. No time was provided in the Act when the second election was to take place. It was therefore evidently the intention of the Legislature that future elections should be governed by the general Act concerning officers, which Act provides that county clerks shall be elected at the general election in the year 1851, and every two years thereafter, and shall enter upon the duties of their office on the first Monday of October subsequent to their election.

The Legislature certainly had power to extend the term of the officers elected under the special Act, beyond two years, and that it was their intention to do so is manifest from the language of the Act, taken in connection with the general law which requires such officers to be elected on the same day throughout the State.

The election of county officers in said county in 1854, was void, because held at a time not authorized by any law. This being the case, the relator, having been duly elected in 1855, is entitled to the office.

The judgment of the Court below is reversed, with costs.