[No. 13254.   Department One. — July 28, 1890.]

S. L. PAGE et al., Respondents, *v.* BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, Appellants.

Municipal Incorporation Act — Petition for Incorporation — Insufficient Number of Qualified Signers — Void Incorporation.—When a petition for the incorporation of a municipality under the municipal incorporation act is not signed by the requisite number of qualified persons, the organization of an incorporation thereunder is absolutely void as being without authority of law; nor can a favorable vote of the people cure such defect, or confer jurisdiction upon the supervisors to issue the necessary certificate to exercise the municipal franchise.

Id. — Fraudulent Petition — Canvass of Election Returns — Jurisdiction of Supervisors. — When such petition purports to be signed by a sufficient number of qualified persons, but after the holding of an election thereunder, the board of supervisors discover that a fraud was perpetrated in the signing of the petition, and that less than one hundred

of the signers were residents or electors within the territory proposed to be incorporated, the board has jurisdiction to inquire into such fraud, and may refuse to canvass the election returns, or take any further proceedings in the matter.

ID. — VOID ELECTION —NOTICE WITHOUT AUTHORITY OF LAW. — An election held without notice, or without authority of law, can give no title to an office or franchise; and notice of an election to determine whether the people would incorporate or not, if given without jurisdiction, is given without authority of law, and is no notice.

ID. — MANDAMUS TO SUPERVISORS. — *Mandamus* will not lie to compel the board of supervisors of a county to canvass election returns, and issue a certificate of municipal incorporation, when it appears that less than the required number of residents or electors signed the petition for incorporation, and that notice of the election to determine the question of incorporation was therefore given without authority of law.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Frank P. Kelly, Smith, Howard & Smith,* and *George H. Smith,* for Appellants.

*H. C. Carr,* for Respondents.

Fox, J.— On the second day of July, 1888, a petition was presented to the board of supervisors of Los Angeles County, asking that certain territory be incorporated into a municipality, to be known as the city of Alhambra, in pursuance with the provisions of the municipal incorporation act. (Stats. 1883, p. 93.)  The petition described the proposed boundaries of the corporation, stated that the population within those boundaries was about 850, and was signed by 106 persons claiming to be residents and electors within said territory.   It was accompanied with proper proof of publication thereof, with the names of the signers, and of intention to present it at that time. The matter came on for hearing on the 7th of July, when a protest was filed regarding the establishment of the boundaries as described in the petition, and after some general discussion as to the boundaries, and the

examination of witnesses as to population, the board having ascertained that the population of the district as they seem to have agreed to bound it was in excess of five hundred, a resolution was adopted, giving notice of an election, submitting to the qualified voters within certain boundaries described in the resolution, but differing somewhat from those given in the petition, the question of whether or not they should become incorporated, and for the election of the officers thereof. The notice was in due and proper form, fixing the day of election for the 27th of July, and was duly published.

Nothing was put upon the minutes of the board showing the result of its deliberations, the judgment or conclusion at which it had arrived, on the question of the sufficiency of the petition or the notice, of the sufficiency of the number of its signers, or of their residence and competency to sign, or of its determination as to the boundaries, except the recitals as found in the resolution or order calling the election; and these make no reference to the petition, or the sufficiency thereof, the notice given of the application, the number, residence, or competency of the signers. In fact, so far as the minutes of the board show, there was no investigation as to whether the signers, or any of them, were residents or electors within the boundaries of the proposed municipality, as described in the notice of election.

Notice of the election was duly published, and at the appointed time the election was held, and the returns thereof duly certified and returned to the board as required by law. The board met at the time fixed by law for the canvassing of such returns, but then and ever since refused to canvass said returns or take any further proceedings in the matter.

The petition is by the parties claiming to have been elected trustees at that election for a writ of mandate to compel the board of supervisors to canvass the returns of that election, and declare the result.

The board by their answer admit the allegations of the complaint, and then for further answer allege that on the 13th of August, 1888, upon information given to and protest filed with the board by divers good citizens of the town or locality of Alhambra against the count-ing or canvassing of said vote; that a great fraud had been perpetrated on the board, and that a large number of those persons who had petitioned for the incorpora-tion of said Alhambra were not residents in or electors residing within the boundaries proposed to be incorpo-rated under the name of Alhambra, and that as many as twenty-six of the one hundred and six signers of said pe-tition were not such residents or electors; that the board then for the first time was informed of or discovered such fact, and proceeded to inquire concerning the same, and upon full investigation, and the examination of sun-dry witnesses, it ascertained that less than one hundred in number of those who had signed the petition which was presented to the board resided within the bounda-ries of the territory proposed to be incorporated, or were electors within the same, and thereupon dismissed the entire proceedings with reference to said incorporation without prejudice, and refused to canvass said vote.

At the hearing it was stipulated as a fact that less than one hundred of the signers of the petition were residents or electors within the territory proposed to be incorpo-rated.   The court below found the facts as alleged in the pleadings and conceded in said stipulation, and then found, as conclusions of law, that the act remaining to be done by the board of supervisors (after the coming in of the returns) was purely ministerial, and that the law neither requires nor authorizes any inquiry on the part of the board of supervisors, other than as to the appar-ent regularity of the returns they are to canvass, suffi-cient to assure them that the documents presented have been properly transmitted and came from authorized election officers.   And on such findings and conclusions

of law the court gave judgment in favor of the plaintiffs, commanding that the writ issue requiring the board to canvass the returns and declare the result as the statute requires. From this judgment the defendant appeals.

We cannot accede to the conclusions of law reached by the court below. If the board of supervisors should find these returns regular on their face, and proceed to canvass the same, and declare the result, as required by the judgment rendered herein, and that result was found in favor of the proposed incorporation, we should have the anomaly of a small community exercising the franchise of a municipal corporation, with all the expenses and obligations incident thereto, under the apparent license of the authorized agent of the state in that behalf, but in fact without any authority of law, for the want of jurisdiction in the agent to grant such license. Under the admitted facts in this case, and the decision of this court in *People* v. *City of Riverside*, 66 Cal. 288, the organization of the corporation would be absolutely void for the want of the proper number of signers qualified in the premises to the petition upon which the jurisdiction of the supervisors to act must be based. This jurisdiction is a matter without which every step of the board of supervisors is void, and into which the board not only has the right, but it is its duty, to inquire at every stage of its proceedings, to the end that its final action shall be valid and binding. The inquiry in this case was made late in the proceedings, but not too late for the board to avail itself of the result, and prevent it from doing a void act,—that of declaring Alhambra to be a municipal corporation, or to save the people of Alhambra from other and greater complications and evils.

There is nothing in the proposition that a favorable vote of the people will cure all preceding defects, and itself confer jurisdiction to issue the necessary certificate to exercise the municipal franchise. An election held without authority of law gives no title to office (*People* v.

*Church*, 6 Cal. 76; *People* v. *Mathewson*, 47 Cal. 442; *Kenfield* v. *Irwin*, 52 Cal. 164; *People* v. *Harvey*, 58 Cal. 337), and in like manner such an election can give no title to a franchise. *Mandamus* will not lie to compel the secretary of state (the proper officer in such case) to certify the election of members of Congress of which no notice was given to the voters. (*People* v. *Thompson*, 67 Cal. 627.) So *mandamus* will not lie to compel the board of supervisors to issue the certificate of municipal incorporation, when no notice was given of an election to determine whether the people would incorporate or not; and a notice given without authority of law is no notice. A notice given without jurisdiction is one given without authority of law.

It follows, from these conclusions, that the judgment appealed from must be reversed, and the cause remanded, with instructions to the court below to dismiss the writ.

So ordered.

WORKS, J., SHARPSTEIN, J., THORNTON, J., and BEATTY, C. J., concurred.