Village of LaGrange. Park, Appellant, v. Edmund K. Jarecki, County Judge of Cook County, Appellee.

## Gen. No. 31,165.

1. ACTIONS—''*cause. of action*'' *distinguished from* ''*remedy.*'' A ''cause of action,'' as distinguished from the ''remedy,'' is the right to bring an action, which implies that there is some person in existence who can assert and also a person who can lawfully be sued.

2. MUNICIPAL CORPORATIONS—*proceeding for incorporating village as statutory.* A proceeding for incorporating unorganized territory into a village is purely statutory.

3. MUNICIPAL CORPORATIONS—*right to restrain county judge in connection with village organization.* A bill in equity will not lie to restrain a county judge from performing his ministerial duty under the statutes in connection with the organization of a village, on the ground of the illegality of the proceedings.

4. MUNICIPAL CORPORATIONS—*right to file "remonstrance" in connection with organization of village.* There are no provisions in the Illinois Statutes authorizing the filing of a "remonstrance" with the county judge calling attention to the illegality of the proceedings for the organization of a village; the filing of such an instrument imposes no obligation upon the county judge, and his failure or refusal to recognize it cannot form the basis of a suit in equity to enjoin him from taking further proceedings in connection with the organization of the village.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon FRANCIS S. WILSON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed February 7, 1927.

WEIGHTSTILL WOODS, for appellant; WILKIE CLAY HAM, of counsel.

JOSEPH B. FLEMING, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the Village of LaGrange Park, the complainant, from a decree of the circuit court of Cook county in favor of Edmund K. Jarecki, county judge of Cook county, the defendant. The complainant originally appealed directly to the Supreme Court from the circuit court. On that appeal the Supreme Court held *(Village of LaGrange Park v. Jarecki*, 321 Ill. 177, 179) that it did not have jurisdiction, as the ground of the appeal was that only the construction of a municipal ordinance was involved and not the validity of the ordinance.

The statement of the case in the opinion of the Supreme Court is as follows:

"The village of LaGrange Park was organized more than thirty years ago and now has approximately 3,000 inhabitants. It is located in Cook county, about fifteen miles west from Lake Michigan. It is primarily a residential community. The territory within the village has been zoned into business and residential sections. In February, 1924, an ordinance was passed by the village board pursuant to the recommendation of the plan commission, under authority of the act of June 24, 1921, (Laws of 1921, p. 260) which regulates the use of contiguous territory outside and distant not more than one and one-half miles from the limits of the village and prescribes the manner in which such lands shall be platted into streets, lots and blocks when it is so platted. In September and October, 1925, steps were taken by persons residing in territory which overlaps a part of the territory outside the village of LaGrange Park which it has undertaken to regulate under its village plan ordinance, to incorporate the village of Westchester. The successive steps to organize the village were taken and the county judge of Cook county entered an order declaring the village of Westchester duly incorporated. Appellant filed its bill in the circuit court of Cook county setting forth in great detail these facts, and alleging, among other things, that the village of Westchester is merely a 'dummy' village organized by a railroad and real estate syndicate of Philadelphia, Pennsylvania; that the territory incorporated as the village of Westchester has never at any time had 200 residents; that the only persons within the territory are those temporarily employed in railroad construction, who are living in old farm houses, barns, temporary bunk-houses and temporary messhalls; that the petition which was signed by these transients was not presented to the county judge of Cook county but to the county judge of Bond county, who was temporarily holding court in Cook county. The prayer of the bill is that the proceedings to incorporate

the village of Westchester be decreed to be void and
that appellee be restrained from doing or performing
any act in furtherance of the incorporation of said vil-
lage of Westchester.  Appellee appeared and filed his
motion to dismiss the bill on the ground that the court
is without jurisdiction to grant the relief prayed and
that the question of the legality of the organization of
the village of Westchester can be tested only in a *quo
warranto* proceeding.  This motion was sustained, the
bill dismissed for want of equity, and an appeal al-
lowed to this court 'on the ground that the construction
of a municipal ordinance is involved.' "

On the same day that the petition to incorporate the
village of Westchester was filed, namely, September
16, 1925, the county judge of Bond county signed an
order providing for an election to be held on October
3, 1925, at which the question of the incorporation of
the village of Westchester should be submitted to the
legal voters of the proposed village.  On October 1,
1925, what is termed by counsel for the complainant a
remonstrance against the petition to incorporate the
village of Westchester was filed in the county court
and was presented to the defendant on that date.  The
remonstrance alleged that "the indispensible require-
ments of law and fact do not exist and said supposed
petition, order for election, election and returns are
utterly void"; and in support of these conclusions the
remonstrance stated in detail specific reasons, these
reasons being substantially the same as those that were
set forth in the bill of complaint.  On October 2 and 29,
1925, the questions raised by the remonstrance were
argued at length before the defendant by the solicitor
for the complaint and the solicitor for the petitioners
who were seeking to incorporate the village of West-
chester.  On October 29, 1925, the following notice was
served on the defendant by the attorney for the com-
plainant:

"STATE OF ILLINOIS, ⎱ ss.
"COUNTY OF COOK. ⎰

IN THE CIRCUIT COURT OF COOK COUNTY.

"To Edmund K. Jarecki, County Judge, and to any Justices he may call to his assistance with reference to proclaiming an election or taking further proceedings in connection with petition for Village of Westchester on file in the office of the Clerk of the County Court of Cook County, No. 54736:

"PLEASE TAKE NOTICE, that I am preparing and will file at the earliest possible moment a bill in equity to enjoin any further acts with reference to the proposed incorporation of such village, and will present you a copy of said bill of complaint at the time the same is filed."

The defendant accepted service of the notice on the date of the service of the notice.

Subsequent to the filing of the remonstrance and the notice, the defendant proceeded to take the necessary steps to incorporate the village of Westchester, and finally entered an order declaring the village of Westchester duly incorporated.

Questions in regard to the planning ordinance of the complainant passed pursuant to the act in relation to plan commissions in cities, villages and incorporated towns, chapter 24, paragraph 628 to paragraph 630 [Cahill's St. ch. 24, ¶¶ 628, 630], in force July 1, 1921; questions relating to the validity of the petition for the incorporation of the village of Westchester; questions relating to the remedy that the complainants should pursue, whether *quo warranto* to test the validity of the incorporation of the village of Westchester, or whether injunction, as in the case at bar; and also numerous collateral questions are all argued at length by counsel for the complainant. In the view we take of the case, however, it will not be necessary to

consider any of those questions.  In our opinion the decisive question to be determined is the question whether the complainant has stated a cause of action against the defendant.  What act of omission or commission has the defendant been guilty of which subjects him personally to a suit in equity or to an action at law by the complainant?  As stated in *Walters v. City of Ottawa,* 240 Ill. 259, 263, a cause of action, as distinguished from the remedy, has been defined to be "the right to bring an action, which implies that there is some person in existence who can assert and also a person who can lawfully be sued."  A fuller description of a cause of action is given by Pomeroy as follows:

"Every remedial right arises out of an antecedent primary right and corresponding duty and a delict or breach of such  primary right and duty by the person on whom the duty rests.  Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself.  Every action, however complicated or however simple, must contain these essential elements."  Pomeroy's Code Remedies: Remedies and Remedial Rights, section 347, pp. 460, 461 (4th Ed.).

In our opinion the defendant has done no wrong which consisted of the violation of a right possessed by the complainant, and a breach of a corresponding duty devolving on the defendant.  In performing the acts alleged in the bill of complaint, the defendant merely was proceeding in a ministerial capacity under paragraph 257 of article XI of chapter 24 of the Illinois Statutes relating to cities, villages and towns.  Paragraph 257 [Cahill's St. ch. 24, ¶ 257] provides that

the petition for incorporating unorganized territory into a village shall be addressed to the county judge of the county in which the residents of the proposed village reside. The proceeding is purely statutory. There are no provisions in the statute which would authorize the present suit in which the complainant seeks to hold the defendant personally liable. If the petition that was filed for the incorporation of the village of Westchester was void, and if the defendant erroneously decided that the petition was valid, such an erroneous decision obviously would not constitute a ground for a right of action by the complainant against the defendant. If the orders entered by the defendant in the proceeding to incorporate the village of Westchester are void, and the complainant is desirous of contesting the question of the validity of the orders, that may be done in an appropriate proceeding. The present suit in equity, however, properly cannot be made to serve such a purpose.

Counsel for the complainant apparently contend that the defendant violated a legal right of the complainant and was guilty of a breach of a corresponding duty when the defendant refused to recognize the remonstrance of the complainant. The argument of counsel for the complainant in this respect is as follows: "That on October 2, 1925, when the county judge of Cook County was informed by the remonstrance mentioned in the record * * * that the supposed petition * * * for said proposed Westchester was a questionable proposal, it became his right and duty to refrain and refuse his assent and action until such time as the proposed petitioners for said proposed village should establish, by mandamus or otherwise, in the courts their right to proceed. That ever since the presentation of said remonstrance * * * it became and continues to be the duty of said county judge to refrain from any action toward said incorporation, and that each act of his on said

proposal since presentation of said remonstrance questioning the proposal of said village, is an act of denial contrary to the rights of your petitioners to be heard and to require that said proposal shall be established before any steps shall be taken toward the consummation of such proposed village; and that under the circumstances presented by the record now before this court the county judge by proceeding in the face of such remonstrance and this proceeding has become a party in law to the attempt to create such proposed village wrongfully.''

In support of his contention, counsel for the complainant cites the following cases: *Page v. Board of Supervisors of Los Angeles,* 85 Cal. 50; *People ex rel. Saunier v. Stratton,* 33 Colo. 464; *People v. Emmerson,* 302 Ill. 300.

There are no provisions in the Statutes of Illinois that we can find, and no provisions have been pointed out to us, which, in a proceeding to incorporate a village, permit the filing of a remonstrance such as the one that was filed in the case at bar. And there are no provisions in the Statutes of Illinois that we can find, and no provisions have been pointed out to us, which, reasonably interpreted, would justify the contention that the defendant would be personally liable in a suit in equity or in an action at law, if he failed or refused to recognize a remonstrance such as the one that was filed in the case at bar. Furthermore, we know of no rule in law or equity, and we have been referred to none, that would give the complainant a cause of action personally against the defendant merely because he refused to recognize the remonstrance that was filed by the complainant in the case at bar. The cases cited by counsel for the complainant do not support his contentions.

In our opinion the bill of complaint does not state a cause of action.

For the reasons that we have expressed in our opinion the decree is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.