Filed 2/27/20 (unmodified opinion attached)

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ATWELL ISLAND WATER DISTRICT,<br><br>Defendant and Appellant,<br><br>v.<br><br>ATWELL ISLAND WATER DISTRICT,<br><br>Defendant and Respondent. | F076043<br><br>(Super. Ct. No. VCU268562)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed herein on February 24, 2020, be modified as follows:

In the first sentence of part III on page 15, change the word "stricken" to "granted".

The modification does not change the judgment.

---

[*]      Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I and II.

_____
Snauffer, J.

WE CONCUR:


_____
Hill, P.J.


_____
Detjen, J.

Filed 2/24/20 (unmodified opinion)

<u>**CERTIFIED FOR PARTIAL PUBLICATION**</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ATWELL ISLAND WATER DISTRICT,<br><br>    Defendant and Appellant,<br><br>        v.<br><br>ATWELL ISLAND WATER DISTRICT,<br><br>    Defendant and Respondent. | F076043<br><br>(Super. Ct. No. VCU268562)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County. Melinda M. Reed, Judge.

Herr, Pedersen & Berglund, Leonard C. Herr, Rachele Berglund and Rhea Ikemiya for Defendant and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth and Scott M. Reddie for Defendant and Respondent.

-ooOoo-

Atwell Island Water District (AIWD) is a California water district located in Tulare County, California, and is governed by a five-member board of directors. There is currently a dispute concerning which persons are the true members of its board.

---

[*]    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I and II.

There are two competing factions, each of which claims to constitute a board majority; neither faction recognizes the other as legitimate. One faction is controlled by John Mitchell, Milton Pace, and Nathan Cameron, who claim the board is currently comprised of the three of them plus Donald Jackson. The second faction is controlled by Donald Jackson and Deanna Jackson, who claim the current board is comprised only of the two of them plus John Mitchell. AIWD is both the appellant and respondent in this appeal; appellant is governed by the controllers of the first faction, while respondent is governed by the controllers of the second faction.

The dispute stems from a disagreement concerning the validity of a purported January 17, 2017 election to replace two board members whose terms were ending. Appellant contends a valid election took place, resulting in Pace and Cameron being newly elected to the board; respondent maintains no valid election occurred.

After the election took place, and Pace and Cameron were allegedly seated on the board, appellant filed on behalf of AIWD, through newly-retained legal counsel Leonard Herr, an answer to a petition for a writ of mandate filed by John Mitchell (the Mitchell Petition) as well as a cross-complaint against Donald Jackson, Deanna Jackson, and Matthew Hurley, in their individual capacities.

Respondent filed a motion to strike appellant's answer and cross-complaint on the ground that Herr was not authorized to prepare and file those pleadings on AIWD's behalf. Specifically, respondent claimed the meeting at which appellant retained Herr's firm was held in violation of the Brown Act (Gov. Code, § 54950, et seq.) as a majority of the board of directors was not present. The motion to strike was supported by a request for judicial notice as well as by declarations with accompanying exhibits. The court entered an order granting respondent's motion without leave to amend, ruling the meeting at which Herr's firm was retained was held in violation of the Brown Act as a quorum of the board of directors was not present. Appellant appeals from that order, contending the trial court abused its discretion by relying on improper extraneous

documents in ruling on the motion. Appellant also contends the trial court abused its discretion by not allowing appellant leave to amend its pleadings.

We conclude the trial court relied on improper extraneous documents when ruling on the motion to strike and thereby abused its discretion, but we nevertheless affirm the granting of the motion without leave to amend. The election that appellant alleges took place on January 17, 2017 was void as it was held the day after a state holiday, namely Martin Luther King, Jr. Day, and Pace and Cameron were therefore not duly elected to the AIWD board. Herr's firm was therefore not retained by a board majority as John Mitchell could not constitute a majority by himself, and Herr consequently was not authorized to prepare, sign, or file pleadings on AIWD's behalf. The pleadings were rightfully stricken, and leave to amend should not have been allowed because the pleadings were incurably defective.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Because this case comes to us after the granting of a motion to strike, we accept as true the well-pleaded allegations in appellant's first amended cross-complaint[1] as well as the well-pleaded allegations admitted in appellant's answer. We "read allegations of a pleading subject to a motion to strike as a whole, all parts in their context, and assume their truth." (*Clauson v. Superior Court* (1998) 67 Cal.App.4th 1253, 1255.) "An admission in a pleading is *conclusive* on the pleader." (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1272.) We also consider matters which are judicially noticeable. (Code Civ. Proc., § 437.) We draw the following facts from the allegations of appellant's first-amended cross-complaint as well as from the Mitchell Petition's allegations, the truth of which were admitted in appellant's answer.

---

[1] We observe the only material difference between the cross-complaint and first amended cross-complaint is that the latter dropped the cause of action for declaratory relief and added a cause of action for injunctive relief. The differences in the factual allegations are immaterial as related to this appeal.

3.

AIWD is a California water district to be governed by a five-member board of directors. In September 2016, the five directors were John Mitchell, Deanna Jackson, Donald Jackson, James Atwell, and Monte Mitchell. On September 1, 2016, the board adopted a resolution to conduct a "special election" to fill the seats of two directors, Deanna Jackson and Monte Mitchell, whose terms were ending. The election was to be conducted by an all-mail ballot on January 17, 2017.[2]

Appellant alleged only two individuals, Milton Pace and Nathan Cameron, submitted to AIWD their declarations of candidacy and oaths of office, per the requirements of Elections Code sections 10511 and 15012. Two other individuals, Deanna Jackson and Matthew Hurley, also attempted to declare their candidacy, but failed to timely submit the required documents per the Elections Code.

A disagreement arose amongst the board concerning whether Deanna Jackson and Matthew Hurley were qualified candidates for the election, and the board retained special elections counsel to render an opinion regarding which individuals were qualified to be on the ballot. The elections counsel opined Pace and Cameron were the only qualified candidates.

In light of this opinion of counsel, John Mitchell noticed a special board meeting to take place on December 12, 2016. The agenda for the meeting included an action item "to approve the candidate list for the January 17, 2017 special election." The candidate list included only Milton Pace and Nathan Cameron. Deanna Jackson and Donald

---

[2] On January 16, 2020, appellant filed a request that we take judicial notice of a resolution passed by the AIWD board of directors on September 12, 2016, entitled "Resolution No. 16-1209." This document shows the board of directors resolved to hold the election by all-mail ballot pursuant to Elections Code section 4108 on Tuesday, January 17, 2017. We grant appellant's request for judicial notice pursuant to Evidence Code section 452, subdivision (b). (See *Souza v. Westlands Water Dist.* (2006) 135 Cal.App.4th 879, 886, fn. 1 [this court took judicial notice of agenda for water district's board meeting and a notice to landowners pursuant to Evid. Code, § 452, subds. (b) & (h)].)

Jackson chose not to attend the meeting. The first amended cross-complaint and answer do not allege what actions were taken at this meeting; the pleadings only allege an agenda was prepared and the meeting was held.

On December 19, 2016, Donald Jackson and Deanna Jackson met as directors and agreed to cancel the January 17, 2017 election in an effort to circumvent provisions of the Elections Code and allow Deanna Jackson and Matthew Hurley more time to file the requisite documents to become candidates. The agenda for this meeting called for action on matters including the following: (1) hiring new general counsel for AIWD, (2) cancelling and re-noticing the January election, (3) amending the AIWD bylaws to change the location of board meetings, and (4) nominating and electing board officers. Appellant alleged this meeting was not properly noticed and not open to the public, and thus was conducted in violation of the Brown Act (Gov. Code, §§ 54953, subd. (a), 54956.) John Mitchell received no notice whatsoever of this meeting.

### *The Pace-Cameron Petition*

On January 5, 2017, Pace and Cameron filed, in Tulare County Superior Court, a verified petition for a writ of mandate to compel the completion of the noticed January 17, 2017 election (the Pace-Cameron Petition). AIWD was named the respondent. John Mitchell, Deanna Jackson, and Donald Jackson were listed as real parties in interest in their capacities as AIWD board members, and Matthew Hurley and Deanna Jackson were listed as real parties in interest in their capacities as AIWD board member applicants. The petition was supported by a declaration of John Mitchell (the Mitchell Declaration).

### *The Election and Hiring of Counsel*

The election for the two board positions was conducted on January 17, 2017, by all-mail ballot, and Pace and Cameron were elected to the board.[3] On January 26, 2017, a board meeting was noticed at which Pace and Cameron took the oath of office and were officially seated on the AIWD board. The board voted to accept the "Certification of Election results" and voted to retain the law firm of Herr, Pedersen & Berglund LLP as general counsel for AIWD. The board also voted to reverse and invalidate all actions taken at the purported board meeting held by Deanna Jackson and Donald Jackson on December 19, 2016, including the purported cancellation of the January 17, 2017 election.

Appellant contends the board is currently comprised of John Mitchell, Donald Jackson, Pace, and Cameron. Donald Jackson, Deanna Jackson and Matthew Hurley, on the other hand, have continued to act as if they are the rightful board.

### *The Mitchell Petition*

On February 15, 2017, John Mitchell filed a verified petition for a writ of mandate and injunctive relief seeking to void, rescind, and invalidate all actions taken by respondent at the December 19, 2016 meeting, and seeking to enjoin respondent from enforcing those actions. Mitchell was represented in this petition by Stringham & Stringham, PLC.

### *Answer to Mitchell Petition and Cross-Complaint*

On February 16, 2017, appellant filed in the name of AIWD an answer admitting all of the Mitchell Petition's allegations. The answer was signed by Leonard Herr.

On that same day, appellant filed a cross-complaint, signed by Herr, against Donald Jackson, Deanna Jackson, and Matthew Hurley, in their individual capacities, for

---

[3] The pleadings actually allege Pace and Cameron were "duly" elected to the board. However, as that states a legal conclusion, we read the word "duly" out of the pleadings for the purpose of analyzing the motion to strike.

declaratory relief, damages, and indemnity.  On March 6, 2017, appellant filed a first amended cross-complaint, which added a request for injunctive relief and withdrew the claim for declaratory relief.

***Motion to Strike***

On March 6, 2017, respondent filed a motion to strike, in their entirety, appellant's answer and cross-complaint filed on February 16, 2017, on the ground AIWD had not authorized Herr to prepare and file those pleadings.[4]  The motion was based on a memorandum of points and authorities, a request for judicial notice, and the declarations of Deanna Jackson and counsel for respondent, Douglas Gosling.  Attached to Gosling's declaration were 14 exhibits totaling 92 pages.  The request for judicial notice requested the court take notice of the following:  (1) the "Verified Petition for Writ of Mandate to Compel the Completion of the Noticed Election of January 17, 2017, filed January 5, 2017 in Tulare County Superior Court" by Milton Pace and Nathan Cameron; and (2) John Mitchell's declaration filed in support of the Pace and Cameron petition.

The thrust of the motion was that Leonard Herr did not have authority to file the answer and cross-complaint on AIWD's behalf because AIWD had not properly retained his firm.  Respondent contended the firm was retained at a board meeting attended by John Mitchell, Pace, and Cameron, who purported to constitute a board majority, but since Pace and Cameron were not duly elected to the board, there was no quorum and therefore no actions could be taken.

Respondent contended Pace and Cameron were not duly elected to the AIWD board because the candidate list for the election had not been approved by a board majority.  Respondent asserted John Mitchell was the only board member present at the meeting to approve the candidate list for the election, and that meeting was held in

---

[4] The trial court construed the motion to strike to include an attack on the first amended cross-complaint, which was filed the same day as the motion to strike.

violation of the Brown Act as only one director was present and no actions could be taken at such a meeting. The Brown Act, which applies to local water districts, defines a "meeting" as "any congregation of a majority of the members of a legislative body at the same time and location … to hear, discuss, deliberate, or take action on any item that is within the subject matter jurisdiction of the legislative body." (*Castaic Lake Water Agency v. Newhall County Water District* (2015) 238 Cal.App.4th 1196, 1198; Gov. Code, § 54952.2, subd. (a).) " '[T]wo or more persons are required in order to conduct a "meeting" within the meaning of the [Brown] Act.' " (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 375–376.) Furthermore, the Brown Act defines "action taken" to mean "a collective decision made by a majority of the members of a legislative body … or an actual vote by a majority of the members of a legislative body …." (Gov. Code, § 54952.6.) In sum, respondent's contention was that Herr was not retained by a legitimate board majority, and therefore was unauthorized to represent AIWD and file pleadings on its behalf.

Appellant did not file an opposition to the motion to strike, and respondent filed a notice of non-opposition.

### The Motion Hearing

The hearing on the motion took place on April 10, 2017. Despite appellant not filing an opposition, the court allowed its counsel to argue in opposition to the motion. The trial court stated its tentative ruling at the beginning of the hearing:

> "So my tentative ruling here is to grant the motion and allow for the answer and cross-complaint filed by Leonard Herr on February 16, 2017, to be stricken under the Code, that would be Code of Civil Procedure Section 436, and also authority recognizing that the Court can take into consideration that lack of opposition to the motion in making its ruling and finding good cause therefor."

Herr lodged several objections at the hearing. He first objected to the granting of respondent's request for judicial notice. He argued the court could only take notice of the fact the Pace-Cameron Petition and the Mitchell Declaration were filed, and could not

notice the truth of the contents of those filings. He also objected to the court considering Gosling's declaration on the ground it contained hearsay. He argued the court was only allowed to consider the answer and cross-complaint, as all other evidence would be extraneous for purposes of considering the motion to strike. He contended that if the court only considered the answer and cross-complaint, the court would find no cause to grant the motion. In response to Herr's contention the court could only consider the answer and cross-complaint in making its ruling, the court replied: "I disagree with you, but you may have your position."

The court ultimately granted the motion without leave to amend, and without formally ruling on the request for judicial notice. The court did not expressly say whether it relied at all on the documents in the request, but the court did state: "To be clear, the Court, of course, takes judicial notice of the contents of its own file and of its orders made and supporting reasons. [Appellant is] correct that the Court does not look behind the facts, assumes the facts are true asserted in the underlying papers, and the Court follows the law in that regard." The court also did not expressly state whether it relied on Deanna Jackson's and Gosling's declarations. However, the court did state that appellant's objection to Gosling's declaration is "overruled." The court also stated it disagreed with Herr that the court could only consider the answer and cross-complaint in ruling on the motion.

The court granted the motion on multiple grounds. First, the court stated it was considering appellant's failure to file a written opposition as an admission the motion to strike was meritorious. Second, the court also "[found] good cause for the granting of the motion under the Brown Act" because Herr's firm was retained at a meeting without a quorum of the board of directors present.

Appellant timely appealed.

## DISCUSSION

Appellant contends on appeal the trial court abused its discretion in granting the motion to strike the answer, cross-complaint, and first amended cross-complaint. Specifically, appellant contends the trial court improperly relied on the contents of the documents of which respondent sought judicial notice, as well as on Deanna Jackson's and Gosling's declarations, in making its ruling. Appellant contends the court was allowed to consider only the answer and cross-complaint. Appellant further contends it does not appear on the face of the pleadings that a violation of the Brown Act occurred or that Herr's firm was not retained by a quorum of the board. Lastly, appellant contends the court abused its discretion by not allowing leave to amend.

We conclude the court abused its discretion by its apparent reliance on Gosling's declaration, the Pace-Cameron Petition, and Mitchell's Declaration.[5] However, the abuse of discretion was not prejudicial because the trial court reached the proper result in granting the motion to strike without leave to amend. Appellant's pleadings allege the election took place on January 17, 2017, which was the day after a state holiday. Per Elections Code section 1100, elections may not be held the day after a state holiday. The election was void for being held on an improper day, and Pace and Cameron therefore were not duly elected to the AIWD board. It follows no quorum was present at the meeting at which the action was taken to hire Herr's firm, and therefore Herr was not authorized to prepare, sign, or file the stricken pleadings on AIWD's behalf.

---

[5] While Gosling's declaration was objected to at the motion hearing and discussed in the briefing on appeal, Deanna Jackson's declaration was not discussed at the hearing or in the appellate briefing. It is unclear to what extent, if any, the court relied on Deanna Jackson's declaration in ruling on the motion to strike. However, we conclude it would have been an abuse of discretion to rely on it, for the same reasons it was an abuse of discretion to consider Gosling's declaration, which we will explain.

We will first analyze how the trial court abused its discretion in ruling on the motion, and then explain how appellant was not prejudiced by the trial court's errors.[6]

## I. Basic Law

A motion to strike a pleading in whole or in part is governed by Code of Civil Procedure sections 435 through 437.[7] Section 436, subdivision (b), provides that "[t]he court may, upon a motion … [s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." "The grounds for a motion to strike shall appear on the face of the challenged pleading or from any matter of which the court is required to take judicial notice." (§ 437, subd. (a).) When "[i]t is contended that the attorneys who appeared for [a party] were not authorized by [the party] to so appear or to [so] plead …", a proper procedure is for the party to "urge[] by motion in the trial court to strike [the party's] answer from the files." (*People v. Honey Lake Valley Irrigation Dist.* (1926) 77 Cal.App. 367, 374, citing *Sullivan v. Dunne* (1926) 198 Cal. 183, 194–195.)

The ruling on a motion to strike is reviewed for abuse of discretion. "All exercises of discretion must be guided by applicable legal principles …." (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106 (*Farmers Ins.*).) "While we review the [ruling] for abuse of discretion, a court abuses its discretion when it misinterprets or misapplies the law." (*In re Shannon M.* (2013) 221 Cal.App.4th 282, 289; *Prigmore v. City of Redding* (2012) 211 Cal.App.4th 1322, 1334; *People v. C.S.A.* (2010) 181 Cal.App.4th 773, 778.) "If the court's decision is influenced by an erroneous

---

[6] We do not give weight to the trial court's consideration of appellant's failure to file an opposition to the motion as an admission the motion was meritorious, for even if the nonmoving party purportedly admits a motion is meritorious, the court may not enter a legally erroneous order. Furthermore, respondent does not allege appellant forfeited any issues by failing to file a written opposition to the motion. Appellant's failure to file a written opposition is not part of our basis for affirming the trial court's order.

[7] Undesignated statutory references are to the Code of Civil Procedure.

11.

understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law.  [Citation.]  Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion …."  (*Farmers Ins., supra,* at p. 106.)

Should we determine an abuse of discretion has occurred, that conclusion alone is insufficient to vacate the trial court's order.  Rather, the trial court's order may not be reversed unless the error was prejudicial.  (*Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.* (2014) 225 Cal.App.4th 786, 799; see § 475.)  An error is prejudicial if it is reasonably probable that a result more favorable to the appellant would have been obtained absent the error.  (*ABM Industries Overtime Cases* (2017) 19 Cal.App.5th 277, 293.)

Additionally, "[i]t is well settled that an appellate court reviews the ruling of the trial court, not its rationale, and may affirm a trial court ruling on any proper basis presented by the record, whether or not relied upon by the trial court."  (*Cates v. California Gambling Control Com.* (2007) 154 Cal.App.4th 1302, 1312.)

## II.. Trial Court's Abuses of Discretion

### A.    The Trial Court Improperly Relied on the Declaration of Doug Gosling

Section 437, subdivision (a) plainly provides that a court may only look to the face of the pleadings and to matters judicially noticeable when ruling on a motion to strike.  "A judge may not determine a motion to strike based on … a party's declaration or factual representations made by an attorney in the motion papers."  (Cal. Judges Benchbook: Civil Proceedings Before Trial (2019) § 12:91, citing *City & County of San Francisco v. Strahlendorf* (1992) 7 Cal.App.4th 1911, 1913.)

Appellant contends the trial court improperly relied on Doug Gosling's declaration in ruling on the motion to strike; our review of the transcript of the motion hearing leads us to agree.  At the hearing, Herr lodged an objection to Gosling's declaration on the

ground it contained hearsay, which the court overruled. Later in the hearing, Herr contended the court is limited to considering the answer and cross-complaint in ruling on the motion, to which the court replied: "I disagree, but you may have your position." Respondent contends that although the court overruled Herr's objection to the court relying on Gosling's declaration, the court nevertheless did not rely on it. We disagree. In our view, the colloquy between Herr and the court demonstrates the trial court considered Gosling's declaration in making its ruling, which the court was not allowed to do and thereby abused its discretion.

### B. *Pace-Cameron Petition and Mitchell Declaration*

Respondent requested judicial notice of the Pace-Cameron Petition as well as of the Mitchell Declaration filed in support of the petition. Again, the court's colloquy demonstrates the court considered the contents of these documents when ruling on the motion. As the court said at the hearing: "To be clear, the Court, of course, takes judicial notice of the contents of its own file and of its orders made and supporting reasons. [Appellant is] correct that the Court does not look behind the facts, assumes the facts are true asserted in the underlying papers, and the Court follows the law in that regard." This indicates the court did not simply take judicial notice of the existence of these pleadings, but rather judicially noticed the truth of the factual allegations therein. This was improper.

A court may take judicial notice of "[r]ecords of … any court of this state." (Evid. Code, § 452, subd. (d)(1).) However, "while courts are free to take judicial notice of the *existence* of each document in a court file, including the truth of results reached, they may not take judicial notice of the truth of hearsay statements in decisions and court files. [Citation.] It is improper to rely on judicially noticed documents to prove disputed facts because judicial notice, by definition, applies solely to undisputed facts. … 'The hearsay rule applies to the statements contained in judicially noticed documents, and precludes

13.

consideration of those statements for their truth unless an independent hearsay exception exists.' " (*Barri v. Workers' Comp. Appeals Bd.* (2018) 28 Cal.App.5th 428, 437.)

Accordingly, the court could have taken judicial notice of the existence of the Pace-Cameron Petition and Mitchell's Declaration, but not of the truth of the allegations contained in those documents as such allegations were hearsay. To this point, respondent contends the factual allegations in the Pace-Cameron Petition and Mitchell Declaration were not offered to prove the truth of the matters asserted therein.

Respondent asserts those documents were offered to prove John Mitchell knew that two of the five members on the board of directors resigned in November 2016, leaving only three members—himself, Deanna Jackson, and Donald Jackson. According to respondent, that John Mitchell *knew* AIWD had three directors means that he could not have had a quorum by himself, and if he could not constitute a quorum, then any actions he took by himself were void. It appears that respondent's argument, as confusing as it is, takes the form of the following non sequitur: John Mitchell knew there were only three directors, therefore there were three directors. Furthermore, it is telling that respondent does not even attempt to explain the independent legal significance of John Mitchell's knowledge of the purported fact that two directors had resigned.

To determine whether a statement is being offered to prove the truth of its content, it is helpful to identify the *issue* to which the statement is being offered. In this case, it is clear respondent presented the Pace-Cameron Petition and Mitchell Declaration to prove the truth of their contents, including the truth of the matter of how many directors there were in November 2016. Mitchell's subjective knowledge of such matters was relevant for no other purpose.

Respondent's discussion of *Magnolia Square Homeowners Assn. v. Safeco Ins. Co.* (1990) 221 Cal.App.3d 1049, 1056-1057 is unavailing. In that case, which involved an insurance coverage claim relating to construction defects, the trial court sustained defendant insurance company's demurrer on the ground plaintiff's claim was barred by

14.

the statute of limitations. The trial court took judicial notice of a complaint filed by the plaintiff in a different action, not to prove the truth of the allegations therein that structural defects existed, but to prove that the plaintiff had notice (or knowledge) of such defects at a certain point in time. (*Ibid.*) In that case, the truth of the defect allegations contained in the plaintiff's other complaint was of no import to the demurrer proceeding, for the issue in the demurrer proceeding was the time at which the plaintiff became aware that defects may have been present. By contrast, respondent in the present case was seeking to use documents filed in another case solely to prove the truth of the matters asserted therein and not for another purpose.

The trial court's evident consideration of the truth of the factual allegations contained in the Pace-Cameron Petition and Mitchell declaration was an abuse of discretion.

## III.    No Prejudice

The motion to strike should have been stricken without leave to amend because the election took place the day after a state holiday, which is prohibited and makes the election void. Since this ground was not relied on by the trial court in ruling on the motion, we requested supplemental briefing from the parties on this issue, and each party submitted a supplemental brief. (Gov. Code, § 68081.)

The stricken pleadings allege, and the AIWD board resolution we take judicial notice of shows, that the election was to be conducted by all-mail ballot pursuant to Elections Code section 4108 on Tuesday, January 17, 2017, which was the day after Martin Luther King, Jr. Day. Subdivision (c) of Elections Code section 4108 provides that all elections conducted under that section "shall be held on a date prescribed in [Elections Code] Section 1500 or on any other date other than an established election date." Elections Code section 1500 provides that mailed ballot elections may take place on either (a) the first Tuesday after the first Monday in May of each year, or (b) the last Tuesday in August of each year. Per Elections Code section 1000, the "established

15.

election dates" are as follows: (a) the first Tuesday after the first Monday in March of each year, (b) the second Tuesday of April of each even-numbered year, and (c) the first Tuesday after the first Monday in November of each year.

Although the date January 17, 2017, did not clash with the dates prescribed by Elections Code section 4108, subdivision (c), it did run afoul of Elections Code section 1100, which provides that "[n]o election shall be held … the day before, the day of, or the day after a state holiday." Government Code section 19853 provides that the third Monday in January (which is Martin Luther King, Jr. Day) is a state holiday. "Election" is defined by the Elections Code to mean "any election" provided for under the Elections Code, which would include elections conducted pursuant to Elections Code section 4108, and therefore the Elections Code section 1100 prohibition would apply to the election in the instant case. We can find no exception allowing for an election conducted by all-mail ballot to be held the day after a state holiday.

A long history of California case law provides the election was void for being held on an improper day. "Time is of the essence of every election, and requirements as to time are mandatory. An election not held on the proper day is held without authority and is void." (28 Cal.Jur.3d (2019) Elections, § 151, citing *People ex rel. Vesey v. Church* (1856) 6 Cal. 76, 78 [election of county officers was void because held at a time not authorized by any law].) *Daniels v. Tergeson* (1989) 211 Cal.App.3d 1204 also confirms that elections held on improper dates are void. (*Id.* at p. 1208.) In that case, the court explained: "The effect of irregularities in elections depends on whether the violated statute is mandatory or directory. A violation of a mandatory provision vitiates an election. [¶] … [¶] Provisions relating to the time and place of holding elections … are mandatory." (*Ibid.*)

Since the January 17, 2017 election was void, Pace and Cameron were not duly elected to AIWD's board of directors. And since they were not duly elected, John Mitchell was the only valid director present at the meeting at which Herr's firm was

16.

allegedly retained to serve as AIWD's general counsel, but John Mitchell could not constitute a quorum by himself. Herr's firm was not retained by a majority of AIWD's board of directors, and therefore Herr was not authorized to prepare, sign, or file pleadings on AIWD's behalf. The granting of the motion to strike was the correct ruling.

We next turn to appellant's contention that the trial court abused its discretion in failing to grant appellant leave to amend. We conclude appellant should not have been granted leave to amend. Whether a motion to strike a pleading "should be granted with or without leave to amend depends on 'whether there is a reasonable possibility that the defect can be cured by amendment....' " (*Mendoza v. Cont'l Sales Co.* (2006) 140 Cal.App.4th 1395, 1402 [stating rule applied to motion for judgment on the pleadings].) Appellant has pleaded the election took place on January 17, 2017, and it cannot plead around that fact now. Appellant's stricken pleadings are therefore incurable.

## DISPOSITION

The trial court's order granting respondent's motion to strike appellant's answer and cross-complaint is affirmed. Respondent is entitled to its costs on appeal.

_____
SNAUFFER, J.

WE CONCUR:


_____
HILL, P.J.


_____
DETJEN, J.

17.